Dear Mr. Waguespack:
You inquire whether the Assumption Parish Sheriff's Office may hire a school board member as a non-commissioned civilian employee. Our response is in the negative, based upon the authority of the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61 et seq., with specific reference to R.S.42:63(D), which provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
In further support is Attorney General Opinion 98-325, copy attached.
However, this office has previously observed that where an individual enters into a professional services contract, such is not considered to be a job compensated on a salary or per diem basis, and does not constitute employment within the dual officeholding prohibition. See Attorney General Opinions 96-359, 95-391, 93-190, 92-43, and 90-578.
Should this individual enter into a contractual relationship with the Sheriff's Office to perform the services provided, no dual officeholding problem would be incurred vis-a-vis his membership with the school board.
We hope the foregoing answers you inquiry. If this office may be of any further assistance to you, please contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
OPINION NUMBER 98-325
AUGUST 25, 1998
78 — Dual Officeholding LSA-R.S. 42:63(D)
Dual officeholding laws prohibit a school board member from maintaining employment with the parish sheriff's office.
Mr. Ronald Dean Register, Jr. DeSoto Parish Sheriff's Department DeSoto Parish Law Enforcement and Detention Center Post Office Box 271 Mansfield, LA 71052
Dear Mr. Register:
This office is in receipt of your opinion request dated July 17, 1998. In that letter you request an opinion from our office as to whether it is legal for a full-time employee of the DeSoto Parish Sheriff's Department to run for the elected position of School Board.
My research of your question shows that there is generally no prohibition to "running" for the elected position of School Board while maintaining full-time employment with the DeSoto Parish Sheriff's Department as long as campaigning for such office is done during off hours. It should be brought to your attention, however, that LSA-R.S. 42:63(D) prohibits holding the elected position of School Board and maintaining employment as a deputy sheriff. The prohibition that is applicable in this matter is found, as mentioned previously, in LSA-R.S. 42:63(D), which states, in pertinent part:
 In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
This prohibition would apply directly to your situation should you win the elected position as member of the school board. Should you be elected, you would have to choose between the positions.
In conclusion, dual officeholding laws prohibit a school board member from maintaining employment with the sheriff's office.
If I can be of further assistance to you, please do not hesitate to contact me.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb